FILED
June 10, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002695687

File No. 98.0215
Robert Scott Kennard
State Bar No. 117017
Jonathan E. Ayers
State Bar No. 199701
NELSON & KENNARD
2180 Harvard Street, Ste. 160  (95815)
P.O. Box 13807
Sacramento, CA  95853
Telephone:  (916) 920-2295
Facsimile:  (916) 920-0682

Attorneys for Plaintiffs
ERIC ANDERSON and INESSA ANDERSON

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re: YEVGENIY KOVALENKO AKA EUGENE KOVALENKO,<br><br>Debtor(s), | Case No.: 10-24080-D-7<br><br>Adv. Case No.: 10-02309-D |
| ERIC ANDERSON and INESSA ANDERSON,<br><br>Plaintiff(s),<br><br>vs.<br><br>YEVGENIY KOVALENKO AKA EUGENE KOVALENKO,<br><br>Defendant(s). | |

**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C. § 523**

Plaintiff(s) ERIC ANDERSON and INESSA ANDERSON, creditors and parties in interest in the above-referenced bankruptcy proceeding, file this Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523 and, in support thereof, respectfully represent to the court as follows:

# I.

## Jurisdiction

1. On February 22, 2010, Defendant(s) YEVGENIY KOVALENKO AKA EUGENE KOVALENKO filed a Voluntary Petition for Relief Under Chapter 7 of Title 11 of the United States Code in this court.

2. This court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. § 1334 and 157(b)(2)(I) and 11 U.S.C. § 523 since this is a proceeding to determine the dischargeability of a particular debt.

3. This court has fixed June 1, 2010, as the last day to file a Complaint to Object to Discharge of Debtor Under 11 U.S.C. § 727 and to Determine Dischargeability of a Debt Under 11 U.S.C. § 523. This Complaint, therefore, has been timely filed.

4. Defendant(s) YEVGENIY KOVALENKO AKA EUGENE KOVALENKO may be served, pursuant to the Federal Rules of Bankruptcy Procedure Rule 7004(b)(1), by mailing a copy of the Summons and Complaint to 1014 Moonlit Way, Folsom, California 95630, which address constitutes either Defendant YEVGENIY KOVALENKO AKA EUGENE KOVALENKO's dwelling house or usual place of abode or the place at which he regularly conducts a business or profession.

# II.

## Parties

5. Plaintiff(s) ERIC ANDERSON is a creditor and an individual residing in the Commonwealth of Virginia.

6. Plaintiff(s) INESSA ANDERSON is a creditor and an individual residing in the Commonwealth of Virginia.

7. Defendant(s) YEVGENIY KOVALENKO AKA EUGENE KOVALENKO is the debtor and an individual residing in the County of Sacramento, Eastern District of California.

### III.

### Operative Facts

8. On or about September 30, 2009, Plaintiffs ERIC ANDERSON and INESSA ANDERSON (collectively "Plaintiffs") entered into a written Promissory Note ("the Note") with Defendant YEVGENIY KOVALENKO AKA EUGENE KOVALENKO ("Defendant"), GENNADIY KOVALENKO ("Gennadiy"), GALINA KOVALENKO ("Galina"), and G. & V. COMPANY, INCORPORATED D/B/A KOVAL'S TRADE MARKET ("G&V").[1]

9. Under the terms of the Note, in consideration for a loan given by Plaintiffs to them, Defendant, Gennadiy, Galina, and G&V agreed to repay to Plaintiffs the principal sum of $628,547.00, together with simple interest calculated at the rate of fifteen percent (15%) per annum, as follows: $5,000.00 per month commencing on October 30, 2009, and continuing each month through and including

---

[1] On March 6, 2010, Gennadiy and Galina, who, Plaintiffs are informed and believe, are husband and wife, filed their own joint voluntary petition in bankruptcy in the Eastern District of California, Sacramento Division. The case number is 10-25535-A-7. Plaintiffs are concurrently filing an adversary complaint against them as well.
On February 17, 2010, G&V filed its own voluntary petition in bankruptcy in the Eastern District of California, Sacramento Division. The case number is 10-23723-C-7.

September 30, 2010, for a total of $60,000.00; and a balloon payment of $662,829.00, constituting the unpaid principal and interest, by October 30, 2010. Attached hereto as **Exhibit 1** is a true and correct copy of the Note.

10. In further consideration for the loan, the Note provided that, upon a default in payment, Plaintiffs shall have "the immediate right to complete ownership and possession of all of each Borrower's stock in 'G. & V. COMPANY, INCORPORATED' upon written demand of the same by Lenders within THIRTY (30) days of Borrowers' default for partial satisfaction of Borrowers' obligations established herein." **See Exhibit 1**.

11. Prior to extending the loan, Defendant provided to Plaintiffs a written financial statement respecting his and G&V's financial condition, including a business plan and a list of G&V's assets and liabilities. Such written representation indicated that there were no other priority debts. Defendant also orally stated to Plaintiffs that G&V had "no debts." These written and oral representations were material in inducing Plaintiffs to extend the loan, and Plaintiffs relied upon these representations.

12. Defendants further represented and confirmed in the written note, that the loan was extended for the sole purpose of financing "Koval's Trade Market" and that the loan was not to be used for any "private purpose." **See Exhibit 1**. This was a material

representation in inducing Plaintiffs to extend the loan, and Plaintiffs relied upon Defendant's representations.

13. Prior to Plaintiffs extending the loan to them, Defendant, Gennadiy, Galina, and G&V informed Plaintiffs that the only owners and shareholders of G&V were Defendant, Gennadiy, Galina, and MARIYA KOVALENKO ("Mariya")[2]. This was a material representation to Plaintiffs in inducing them to extend the loan, and Plaintiffs relied upon Defendant's representations.

14. On or about November 30, 2009, Defendant, Gennadiy, Galina, and G&V defaulted. Thereafter, Plaintiffs made written demand for Defendant, Gennadiy, and Galina to deliver possession of their stock in G&V. None of them delivered possession of their stock.

15. Subsequent to default, Plaintiffs learned that he and G&V had substantial debts at or about the time Defendant represented to Plaintiffs that he and G&V had no debts.

16. Subsequent to default, Plaintiffs learned that Defendant did not use the loan for the express purpose of financing "Koval's Trade Market." Instead, Defendant, along with Gennadiy and Galina, commingled the loan with personal funds and used the loan funds to pay for personal, family, and/or household debts or expenses. Subsequent to default, Plaintiff learned that G&V had owners and

---

[2] Plaintiffs are informed and believe that Mariya is Gennadiy and Galina's daughter and is Defendant's sister.

shareholders other than Defendant, Gennadiy, Galina, and Mariya at or about the time Defendant entered into the Note.

17. Subsequent to default, Plaintiff learned that other people have made claims to holding shares in G&V as of the time Defendant entered into the Note.

18. Plaintiffs are also informed and believe that, unbeknownst to Plaintiffs at the time of entering into the Note, Defendant, Gennadiy, and Galina already had or later pledged their stock in G&V as security for other loans, that they defaulted under those business loans, and that they either became obligated to deliver possession of their stock or did actually deliver possession of certain stock to those other lenders.

19. Plaintiffs have learned and, based thereon are informed and believe, that DMITRY OBUTKOV ("Dmitry") and YELENA OBUTKOV ("Yelena") hold stock certificates representing twenty percent (20%) and fourteen (14%) ownership in G&V.

20. On April 14, 2010, Dmitry filed an adversary complaint in G&V's bankruptcy case alleging that he owns twenty percent (20%) or 200,000 shares in G&V. Dmitry attached to the complaint a copy of a stock certificate, number 7, purportedly issued by Galina as Secretary/Treasurer on behalf of G&V to Dmitry and purportedly certifying Dmitry's ownership of 200,000 shares in G&V effective October 24, 2005.

21. Plaintiffs have obtained a copy of a stock certificate, number 8, purportedly issued by Galina as Secretary/Treasurer on behalf of G&V to Yelena and purportedly certifying Yelena's ownership of 140,000 shares in G&V effective December 19, 2005.

22. Plaintiffs are informed and believe that other people have been issued stock in G&V, the sum total of which would far exceed one hundred percent (100%) ownership of the corporation.

IV.

### First Claim for Relief -- Violation of 11 U.S.C. § 523(a)(2)(A)

24. Defendant, through false pretenses, false representations, and/or actual fraud, induced Plaintiffs to extend a loan to Defendant. Defendant falsely represented that the loan was to be used and would be used solely to finance Koval's Trade Market. This representation was material to Plaintiffs' decision to extend the loan to Defendant, and they would not have extended the loan if it were to be used for any other purpose. Plaintiffs reasonably and justifiably relied upon such representation. Defendant did not use the loan funds solely for the purpose of financing Koval's Trade Market and, instead, commingled the loan funds with other funds and used the loan funds to pay for personal, family, household, and/or other debts. Plaintiffs suffered financial injury as a result.

25. Defendant's conduct violated 11 U.S.C. § 523(a)(2)(A) and, therefore, Defendant's indebtedness to Plaintiffs constitute a non-dischargeable debt.

## V.

### Second Claim for Relief --
### Violation of 11 U.S.C. § 523(a)(2)(A)

26. Defendant, through false pretenses, false representations, and/or actual fraud, induced Plaintiffs to extend a loan to Defendant. Defendant falsely represented to Plaintiffs that G&V was owned only by certain people, including Defendant, and that those people owned certain percentages of stock, representing one hundred percent (100%) of the stock in G&V. Such representation was material to Plaintiffs' decision to extend the loan, and they would not have extended the loan had they known there were other shareholders and/or other people to whom Defendant was pledging his interest in his shares. Other people have produced stock certificates demonstrating ostensible ownership in G&V. Plaintiffs suffered financial injury as a result.

27. Defendant's conduct violated 11 U.S.C. § 523(a)(2)(A) and, therefore, Defendant's indebtedness to Plaintiffs constitute a non-dischargeable debt.

## VI.

### Third Claim for Relief --
### Violation of 11 U.S.C. § 523(a)(2)(B)

28. Defendant prepared and submitted, with the intent to deceive, a materially false written financial statement respecting Defendant's and G&V's financial condition, upon which Plaintiffs

reasonably relied in deciding to extend the loan to Defendant. Plaintiffs suffered financial injury as a result.

29. Defendant's conduct violates 11 U.S.C. § 523(a)(2)(B) and, therefore, Defendant's indebtedness to Plaintiffs constitutes a non-dischargeable debt.

## VII.

### Fourth Claim for Relief -- Violation of 11 U.S.C. § 523(a)(6)

30. Defendant willfully and maliciously caused injury to the financial interests of Plaintiffs by using false pretenses, false representations, and actual fraud and by using false financial statements in order to induce Plaintiffs to extend a loan to Defendant that Plaintiffs would not otherwise have extended.

31. Defendant's conduct violated 11 U.S.C. § 523(a)(6) and, therefore, Defendant's indebtedness to Plaintiffs constitutes a non-dischargeable debt.

## VI.

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that this court upon trial:

1. Order that Defendant's indebtedness to Plaintiffs (or such amount thereof that the court deems appropriate) constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A);

2. Order that Defendant's indebtedness to Plaintiffs (or such amount thereof that the court deems appropriate) constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(B);

3. Order that Defendant's indebtedness to Plaintiffs (or such amount thereof that the court deems appropriate) constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6);

4. Grant a non-dischargeable judgment in the amount of $722,829.00, or an amount according to proof, in favor of Plaintiffs and against Defendant, together with pre-judgment and post-judgment interest as provided by law, reasonable attorney's fees, and court costs; and

5. Grant Plaintiffs such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

NELSON & KENNARD

Dated: 6/10/2010        By: *Jonathan E Ayers*
                        JONATHAN E. AYERS
                        Attorney for Plaintiffs
                        ERIC ANDERSON and INESSA ANDERSON

# Exhibit

# 1

# PROMISSORY NOTE

**PRINCIPAL AMOUNT:**     $628,547.00

**RECITIATIONS:**

DATE:    *Sept. 30, 2009*

BORROWERS:    GENNADIY KOVALENKO, GALINA KOVALENKO, EUGENE KOVALENKO, AND G. & V. COMPANY, INCORPORATED D/B/A "KOVAL'S TRADE MARKET" (COLLECTIVELY HEREINAFTER AS "BORROWERS")

BORROWER'S ADDRESS:    *1014 Moonlit Way, Folsom, CA 95630*

PAYEE:    ERIC AND INESSA ANDERSON (COLLECTIVELY HEREIN AFTER AS "LENDERS")

PLACE FOR PAYMENT:    1605 ASHGROVE MEADOWS WAY, VIENNA, VA 22182

PRINCIPAL AMOUNT:    SIX HUNDRED TWENTY EIGHT THOUSAND AND FIVE HUNDRED AND FORTY SEVEN DOLLARS and 00/100 CENTS ($628,547.00)

TERM:    TWELVE (12) MONTHS BEGINNING 30 OCTOBER 2009; BALLOON PAYMENT DUE FOR THE FINAL MONTH OF OCTOBER 2010

MONTHLY PAYMENTS:    FIVE THOUSAND DOLLARS and 00/100 CENTS ($5,000.00) FOR INTEREST ONLY

FINAL PAYMENT:    SIX HUNDRED SIXTY-TWO THOUSAND AND EIGHT HUNDRED AND TWENTY-NINE DOLLARS and 00/100 CENTS ($662,829.00) FOR BOTH PRINCIPAL AND REMAINING INTEREST

1.    **PRINCIPAL AMOUNT:** In consideration for value received in the form of a loan, Borrowers agree to pay to Lenders the principal amount of SIX HUNDRED TWENTY EIGHT THOUSAND AND FIVE HUNDRED AND FORTY SEVEN DOLLARS and 00/100 CENTS ($628,547.00) in a manner consistent with the terms of

this Note. Said principal sum, with interest as described below, is due and payable in full on or before October 30, 2010, without exception and time is of the essence.

2. **INTEREST:** Borrowers agree that the interest rate under this Note shall be FIFETEEN PERCENT (15%) of the total principal balance and calculated as simple interest. The interest calculation formula is provided as follows: PRINCIPAL AMOUNT (X) INTEREST RATE = TOTAL INTEREST (which total shall be rounded to the nearest whole dollar). Borrowers agree to pay, in addition to the principal amount, the ENTIRE amount of interest earned consistent with the terms of this note regardless of whether the principal is pre-paid. Under this note and using the above method, the total interest for which Borrowers are responsible is NINTY-FOUR THOUSAND, TWO HUNDRED AND EIGHTY TWO DOLLARS and 00/100 CENTS ($94,282.00).

3. **PURPOSE OF LOAN:** Borrowers agree and warrant that this loan was sought as a business loan to assist in the financing of "Koval's Trade Market" in the State of California. Borrowers further agree that they have not, nor shall they, use the loan for any private purpose. Any personal liability as established by the terms of this loan against the Borrowers shall not be construed as creating a loan for purposes other than use in establishing and financing "Koval's Trade Market". For purposes of this Note, the terms "Note" and "Agreement" shall have the same meaning and are used interchangeably.

4: **PAYMENT TERMS:** This Note is due and payable as follows, to-wit: The first payment shall be due on 30 OCTOBER 2009 in the amount of FIVE THOUSAND DOLLARS and 00/100 CENTS ($5000.00). Thereafter, monthly payments for interest only in the amount of FIVE THOUSAND DOLLARS and 00/100 CENTS ($5000.00) shall be due on the 30th of every month through October 30, 2010. The last payment under this note shall be due on 30 October 2010 in the amount of SIX HUNDRED AND SIXTY-TWO THOUSAND AND EIGHT HUNDRED AND TWENTY-NINE DOLLARS and 00/100 CENTS ($662,829.00) or ANY AMOUNT EQUAL TO THE TOTAL REMAINING PRINCIPAL AND INTEREST WHICHEVER IS GREATER. **With respect to each payment, time shall be of the essence.** Although time is of the essence, any receipt by the Lenders of a late payment(s) by Borrowers shall not be construed as a waiver by Lenders of any right to timely payments according to the established schedule, nor shall such receipt waive any provision demanding that time shall be of the essence.

5: **PAYMENT SCHEDULE:** The following payment schedule, based upon the **"PAYMENT TERMS"** as described above, is provided herein for ease of reference:

| PAYMENT | DATE | AMOUNT |
|---|---|---|
| 1 | 30 OCT 2009 | $5000.00 |
| 2 | 30 NOV 2009 | $5000.00 |
| 3 | 30 DEC 2009 | $5000.00 |
| 4 | 30 JAN 2010 | $5000.00 |

| 5  | 28 FEB 2010  | $5000.00    |
|----|--------------|-------------|
| 6  | 30 MAR 2010  | $5000.00    |
| 7  | 30 APR 2010  | $5000.00    |
| 8  | 30 MAY 2010  | $5000.00    |
| 9  | 30 JUN 2010  | $5000.00    |
| 10 | 30 JUL 2010  | $5000.00    |
| 11 | 30 AUG 2010  | $5000.00    |
| 12 | 30 SEPT 2010 | $5,000      |
| 13 | 31 OCT 2010  | $662,829.00 |

6:   **PRE-PAYMENT:** Borrowers may pre-pay the principal amount, and any interest accumulated thereon, of this note at anytime during the life of the loan except that Borrowers agree that the interest as described above is fixed and any pre-payment does not relieve Borrowers' obligation to pay the ENTIRE amount of interest on this Note.

7:   **PLACE FOR PAYMENT:** Borrowers may tender payment on this note via US mail or another other lawful method at the following address: 1605 ASHGROVE MEADOWS WAY, VIENNA, VA, 22182. Payments may be made payable to the following: ERIC AND INESSA ANDERSON.

8:   **DEFAULT AND ACCELERATION CLAUSE:** Should any payment not be made within FIFTEEN DAYS (15) of its due date as established by the terms of this loan, Borrowers shall be in default. If Borrowers default in the payment of this Note or in the performance of any obligation, and the default continues after Lenders give Borrowers notice of the default and the time within which it must be cured, as may be required by law, then Lenders may declare the unpaid principal balance and interest on this Note immediately due. Borrowers and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intentions to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law. Any forbearance by Lenders in enforcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein. In the case of default, the remaining balance of principal plus interest will be subject to the interest stated within this note or the maximum amount of interest permitted by the Laws of the Commonwealth of Virginia, whichever is greater. In any case that Borrowers' fail to make payment on time, regardless of whether default has occurred, Lenders' shall reserve the right, in their discretion, to apply a late payment fee of ONE AND A HALF PERCENT (1.5%) of the outstanding principal and interest, which late fee reduces such costs as occur to Lenders in servicing a late account.

9:   **PARTIAL SATISFACTION IN THE CASE OF DEFAULT:** Should Borrowers default on any provision of this note, for whatever reason, Lenders shall have the immediate right to complete ownership and possession of all of each Borrower's stock in "G. & V. COMPANY, INCORPORATED" upon written demand of the same by

Lenders within THIRTY (30) days of Borrowers' default for partial satisfaction of Borrowers' obligations established herein. For purposes of valuation, Borrowers and Lenders agree that all of the stock so identified shall be collectively valued at FIFTY THOUSAND DOLLARS and 00/100 CENTS ($50,000.00) regardless of when the default occurs or when Lenders make such a demand in default. Borrowers shall immediately and within FIFETEEN days (15) of receiving such a request from Lenders cause to be issued a stock certificate in the name of Lenders as evidence that Lenders own all of Borrowers' stock, and the transfer shall be so noted on the G. & V. Company books. Furthermore, Borrowers shall make a written declaration that accompanies the certificate declaring that they own no other stock in G. & V. COMPANY, INCORPORATED other than what was acquired by Lenders in default nor does any other entity, nominee, or designee . Lenders' specifically warrant that, in the case that Lenders exercise this option in default, they intend to file such UCC Financing Statements and other documents as may be required by law. Borrowers also expressly warrant that such stock is under no lien or other deficiency but is owned outright by Borrowers without limitation. It shall be solely within the Lenders' discretion in the event of default whether to demand the stock and at no time shall Lenders' be under any obligation to take the stock in the case of default. A decision by Lenders not to demand such stock shall in on way be construed as a waiver of Lenders' rights to do so. Borrowers shall remain responsible for the costs of their own tax advice or litigation expenses. Even if Lenders take possession of Borrowers' stock as discussed above, Borrowers are not relieved of their duty to pay under this note the entire amount of interest and principal then due, although Lenders shall credit Borrowers with the value of FIFTY THOUSAND DOLLARS and 00/100 CENTS ($50,000.00) for the sum total of the acquired stock as established above against Borrowers' then existing obligation. Any deficiency remaining on the Note after this credit shall remain the responsibility of Borrowers and may be collected or sued upon as any other note. Borrowers specifically warrant that no other person or entity has any ownership interest in "Koval's Trade Market" other than Borrowers themselves.

10: **JOINT, SEVERAL, AND PERSONAL LIABILTY:** At all times under the terms of this Note and the obligations so established by its terms, each Borrower (to wit; Gennadiy Kovalenko, Galina Kovalenko, Eugene Kovalenko, and G. & V. Company, Incorporated D/B/A "Koval's Trade Market") agrees to be bound as PERONSALLY JOINTLY AND SEVERALLY LIABLE for any and all defaults and all principal and interest as stated within this Note. Each Borrower agrees that she/he is liable personally on this note and all rights in default owing to the Lender shall be recoverable against each Borrower in their personal and/or business capacity.

11: **FORM OF PAYMENT:** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the Lenders and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the Lenders hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by Lenders and applied to this indebtedness as the terms so provide.



12: **ATTORNEY'S FEES:** If this Note is given to an attorney or collection agency for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrowers shall pay Lenders all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to any other amounts due pertaining to collection attempts under this Note.

13: **SEVERABILITY:** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

14: **BINDING EFFECT:** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

15: **DESCRIPTIVE HEADINGS:** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

16: **INTEGRATION:** This agreement may be signed in any number of counterparts and by facsimile, each of which shall be an original, with same effect as if the signatures thereto and hereto were upon the same instrument. This agreement shall be effective when executed by each of the parties hereto. This agreement constitutes the entire agreement and understanding amongst the parties hereto and supersedes any and all prior agreements and understandings, oral or written, relating to the subject matter hereof.

17: **CHOICE OF LAW AND ACCEPTANCE OF JURISDICTION:** This Note shall be governed, construed and interpreted by, through and under the Laws of the Commonwealth of Virginia. Borrowers irrevocably submit to the exclusive jurisdiction of the federal and state courts located in the County of Fairfax, Commonwealth of Virginia, in connection with any suit, action or proceeding related to this Agreement or any of the matters contemplated hereby. Borrowers hereby waive any and all objections and defenses of lack of personal jurisdiction and subject matter jurisdiction in the Commonwealth of Virginia with respect to any issue, litigation, or other legal action arising from this note. Borrowers irrevocably waive, to the fullest extent they may effectively do so under applicable law, any objection which they may now or hereafter have to laying of venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

## BORROWERS ARE RESPONSIBLE FOR ALL OBLIGATIONS REPRESENTED BY THIS NOTE.

EXECUTED this _26_ day of _November_, 2009.

[BORROWERS' SIGNATURES]                [LENDERS' SIGNATURES]

_____                _____
GENNADIY KOVALENKO                     ERIC ANDERSON

_____                _____
GALINA KOVALENKO                       INESSA ANDERSON

_____
EUGENE KOVALENKO

_____
G. & V. COMPANY, INCORPORATED, D/B/A "KOVAL'S TRADE MARKET"
BY: GENNADIY KOVALENKO
TITLE: